# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2599
Lower Tribunal No. 11-42771
_____

**Publicidad Vepaco C.A., et al.,**
Petitioners,

vs.

**Nelson Mezerhane, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

Piantini & Associates, P.A., and Albert J. Piantini; Andrew M. Kassier, P.A., and Andrew M. Kassier, for petitioners.

Law Offices of Mesa & Associates, P.A., and Manuel Arthur Mesa and Matthew Carcano; Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller, for respondents.

Before FERNANDEZ, LOGUE and SCALES, JJ.

SCALES, J.

Petitioners Albert J. Piantini and Andrew M. Kassier (together, "Petitioners") are two attorneys who purport to represent a faction that allegedly owns an interest in, and has the authority to control the affairs of, two Venezuelan companies, Publicidad Vepaco C.A. and LaTele Television C.A. These companies are the plaintiffs below in litigation, filed in the circuit court in 2011, alleging that certain defendants were involved in a fraudulent banking scheme resulting in the plaintiffs suffering significant damages.

On May 8, 2018, the trial court dismissed the plaintiffs' lawsuit for lack of prosecution. The trial court's May 8, 2018 dismissal order was appealed to this Court via *two* notices of appeal. Petitioners filed one notice of appeal (appellate case 3D18-1194), and, shortly thereafter, attorney Manuel Mesa[1] filed another notice of appeal. (appellate case 3D18-1424).

We consolidated the two appeals (under 3D18-1424) and relinquished jurisdiction to the trial court to determine who – Petitioners or Mesa – was authorized to represent the appellant companies. We also stayed the appeal until the saga of dueling advocates was resolved.

Upon relinquishment, the trial court conducted an evidentiary hearing and, on December 4, 2018, entered a thorough and detailed order that Petitioners now

---

[1] In 2014, during the pendency of the underlying litigation, a Venezuelan judge, pursuant to court order, installed a provisional government oversight board (the "Junta") to manage the affairs of the appellant companies. The Junta hired Mesa as counsel.

challenge via certiorari. The challenged order determines that Mesa is properly the counsel of record for the companies and that the Junta had the right to terminate Petitioners as the companies' counsel in this litigation.

Petitioners assert that the trial court departed from the essential requirements of law in construing the panoply of orders rendered by the Venezuelan courts regarding the companies, and that the trial court's factual determinations are not supported by competent substantial evidence. Specifically, Petitioners assert that the orders require approval from the Venezuelan courts for Mesa to represent the companies in the instant litigation, and that such specific authority was not sought, much less acquired.

While we may agree with Petitioners on the general jurisdictional proposition that an order determining which of competing counsel is authorized to represent a litigant is subject to certiorari review, we disagree that the trial court departed from the essential requirements of law and find no error in the trial court's conclusions.[2] See Vill. of Palmetto Bay v. Palmer Trinity Private Sch., Inc., 128 So. 3d 19, 20-21 (Fla. 3d DCA 2012).

Petition denied.

_____

[2] We note that the United States District Court in a related case, Latele Television C.A. v. Telemundo Comunications Group, LLC, Case No. 12-22539 (S.D. Fla. Dec. 3, 2018), has reviewed the subject orders and has reached the same conclusion.